## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE:

**EMPRESA LOCAL GLOBAL, INC.**

    Debtor

**CASE NO. 14-06675(BKT)**

**CHAPTER 11**

### ANSWER TO INFORMATIVE MOTION AS TO MISSING CLAIMANT, DISAPPEARED CLAIMANT AND POSSIBLE SUBSTITUTION OF CLAIMANT

**TO THE HONORABLE COURT:**

    **COMES NOW** Debtor, through its undersigned counsel, and respectfully states and requests:

1. In compliance with the order of the Court, on May 23, 2020, Mireya Baltazar Suazo, Esq. filed an Informative Motion As To Missing Claimant, Disappeared Claimant and Possible Substitution of Claimant (the "Motion") (**Docket No. 745**) addressing several issues which should be resolved prior to the confirmation hearing scheduled for July 29, 2020.

2. First, Ms. Baltazar Suazo refers to Claimant Ivette Natal Crespo's Claim No. 62-1 for $13,279.74, as having expressed her intention to retain Ms. Baltazar Suazo but did not do so, in the process Ms. Baltazar Suazo filed an opposition on behalf of Ms. Natal to preserve her rights at **Docket No. 489**, indicating that since Ms. Natal did not comply with her commitment with Ms. Baltazar Suazo, and had failed to show an interest in the case, she should not be allowed to participate in the proposed distribution as set forth un Debtor's Amended Exhibit C (**Docket No. 723**), wherein Ms. Natal is included. On March 22, 2017, Debtor objected to Ms. Natal's claim on the basis that her claim was filed in the wrong case, to with Empresas Cancañon, Inc. d/b/a Casas Mi Estilo, Case No. 14-06591 (**Docket No. 351**). In view of the aforesaid and Debtor's objection, Claim No. 62-1 should be disallowed.

3. Second, Ms. Baltazar Suazo refers to Claimant Milagros Luzunaris Tarrats, Claim No. 135-1 for $4,495.00, indicating that Ms. Luzunaris is not included in Debtor's proposed distribution as set forth in **Docket No. 723**, but is listed as an allowed general unsecured claim in Debtor's Disclosure Statement (**Docket No. 328**). Debtor is amending its Amended Exhibit C to include Ms. Luzunaris Tarrats' claim.

4. Third, Ms. Baltazar Suazo refers to Claimants Madeline Burgos Santiago and Sixto Y. González Maldonado's Claim No. 58-2 for $7,900.00, indicating that their rights have been sold to Luis Rodríguez Rodríguez and Clara Ortiz Burgos for $9,500.00. While not complying with Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure as to the transfer of Claim No. 58-2, on May 26, 2020, Ms. Baltazar Suazo, on behalf of Luis Rodríguez Rodríguez and Clara Ortiz Burgos, filed a proof of claim number 58-3 for the same amount as the original one. Amended Exhibit C will be amended to substitute the name of the transferee for the transferors upon compliance with Rule 3001(e)(2).

5. Fourth, as to Claim No. 113-1 for $9,932.00 originally filed by Flor Peña Nieves, on May 26, 2020, Ms. Baltazar Suazo filed amended Claim No. 113-2 to change the name of the claimant from Ms. Peña to Andrea Santiago Ortiz and Richard Peña for the same amount as the original claim, without complying under Rule 3001(e)(2) Ms. Peña is included in Debtor's Amended Exhibit C (**Docket No. 705**). Amended Exhibit C will be amended to substitute the name of the transferor for the transferees upon compliance with Rule 3001(e)(2).

6. Fifth, Ms. Baltazar Suazo lists at paragraph 3 of the Motion those creditors represented by her without stating if they have accepted the distribution proposed in Amended Exhibit C (**Docket No. 723**)

**WHEREFORE,** it is respectfully requested that:

(a) As to Claim No. 62-1, the Court proceeds as set forth by Ms. Baltazar Suazo or otherwise as it deems proper under the circumstances.

(b) As to Claim No. 135-1, Debtor will amend Amended Exhibit C to include the same for distribution under its plan of reorganization.

(c) As to Claims No. 58 and 113 compliance with Fed. R. Bankr. P. 3001(e)(2) be directed.

(d) As to the creditors represented by Ms. Baltazar Suazo's listed in paragraph 3 of the Motion that they be directed to state their position as to the distribution set forth in Amended Exhibit C (**Docket No. 328**).

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this answer has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response thereto with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the answer will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants.

San Juan, Puerto Rico, this 29th day of May 2020.

*s/* **CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-Mail: ccuprill@cuprill.com